# Law Office of Eduardo Glas P.C.

500 E 83rd Street, #9H
New York, New York 10028
Telephone (917) 864-1461
Email: eglas@glasattorneys.com


VIA ECF

September 4, 2028

The Honorable Jill Mazer-Marino, Chief U.S.B.J.
United States Bankruptcy Court for the Eastern District of New York

Re: Marine Transport Logistic, Inc., Docket No. 25-43215, and
Alla Solovyeva, Docket No. 25-43213

Dear Judge Mazer-Marino:

I represent Sevtlana Anuchina, a creditor in each of the bankruptcy cases referenced above that were pending before Your Honor. On July 15, 2026, the Court held a hearing on each of the cases referenced above in connection with the motions for sanctions (the "Motions") against each of the Debtors that had been filed on behalf of Ms. Anuchina. The Court granted the Motions and today entered Orders (the "Orders") in each of the cases. ECF # 48 for Docket No. 25-43213 and ECF # 88 for Docket No. 25-43215. The Orders entered include what appears to be a clerical mistake as explained below.

At the hearing on July 15, 2026, according to my notes, the Court granted sanctions in the amount of $21,330 against Marine Transport Logistic, and $9,000 against Alla Solovyeva. Those were the amounts incurred by counsel as reflected in the certifications submitted in support of the Motions in each of the two cases. The Order entered in the Marine Transport Logistic case mistakenly indicates that in Ms. Anuchina's motion for sanctions she "claims she incurred $9,000 in attorneys's fees ***related to the two chapter 11 cases***." See Docket 25-43215, ECF # 88 at p. 4 (emphasis added).1 In fact, the certification of counsel submitted in connection with the motion for sanctions against Marine Transport Logistic shows that the fees incurred in

---

1 The Order entered in Alla Solovyeva's case includes the exact same mistaken language.

that case were $21,330. See Docket 25-43215, ECF # 71-3 (Exhibit A to Cert. of Eduardo Glas, Esq.). The $9,000 mentioned in the Orders entered were ***only*** incurred in the Alla Solovyeva case. See Docket 25-43213, ECF # 37-3 (Exhibit A to Cert. of Eduardo Glas, Esq.). In sum, the total attorneys' fees in both cases added up to $30,330, not the $9,000 reflected in the Orders entered. At the hearing on July 15, 2026, the Court was initially going to award the $23,330 against Marine Transport Logistic, as the Court did not appear to remember that there was also a pending motion for sanctions against the already by then dismissed case of Alla Solovyeva. Upon reviewing her notes, Your Honor verified that the Court had retained jurisdiction to decide the sanctions motion against Ms. Solovyeva after the dismissal of the case. Once this matter was clear up, the Court, according to my notes, also granted the sanctions motions against Ms. Solovyeva and awarded the $9,000 as sanctions against Ms. Solovyeva for fees incurred only in her case. Therefore, I respectfully request that the Court amend the entered Orders to reflect that the total amount owed in sanctions for both cases is $30,330.

Respectfully,

/s/Eduardo J Glas
Eduardo J. Glas

cc Alla Kachina, Esq. (via ECF)